HARDY RAY MURPHY, CA Bar No. 187149
hardy.murphy@ogletree.com
MARTIN E. SULLIVAN, CA Bar No. 274279
martin.sullivan@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:  213.239.9800
Facsimile:  213.239.9045

Attorneys for Defendant
FEDEX OFFICE AND PRINT SERVICES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BUTTERFIELD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX OFFICE AND PRINT SERVICES, INC.; AND DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No. 8:18-cv-33<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(a)(1), 1441, 1446 (DIVERSITY)**<br><br>Complaint Filed: November 9, 2017<br>Trial Date:        None<br>Judge:             Hon. _____ |

TO THE CLERK OF THE COURT OF THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF MARK BUTTERFIELD, AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that through this notice ("Notice"), defendant FedEx Office and Print Services, Inc. ("FedEx Office") effects the removal of this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California (Southern Division).  FedEx Office bases this removal on 28 U.S.C. sections 1332 (a) (Diversity Jurisdiction), 1441(b), and 1446, as follows:

## STATEMENT OF JURISDICTION

1.    This Court has original jurisdiction over this action under the diversity of citizenship statute: 28 U.S.C. § 1332(a).  In relevant part, the diversity statute grants district courts original jurisdiction over civil actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## PLEADINGS, PROCESS AND ORDERS

2.    On November 9, 2017, Plaintiff filed an original complaint in the Superior Court of the State of California for the County of Orange ("Orange Superior Court"), entitled *Mark Butterfield, an individual, Plaintiff, vs. FedEx Office and Print Services, Inc.; and DOES 1-10, inclusive, Defendants*, Case No. 30-2017-00955002-CU-WT-CJC (the "Complaint").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

3.    In the Complaint, Plaintiff asserts six (6) claims for relief: (1) age and disability discrimination – disparate treatment; (2) disability discrimination – failure to reasonably accommodate; (3) disability discrimination – failure to engage in the

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1332(a)(1), 1441, 1446 (DIVERSITY)**

32277942_1.docx

interactive process; (4) unlawful retaliation; (5) wrongful termination in violation of public policy; and (6) violation of labor code due to non-payment of wages due.

4.      In compliance with 28 U.S.C. section 1446(a), attached as the following exhibits are all process, pleadings, and orders filed in this action:

- **Exhibit A** – Complaint;

- **Exhibit B** – Summons;

- **Exhibit C** – Civil Case Cover Sheet; and

- **Exhibit D** – FedEx Office's Answer to Complaint (filed in Orange Superior Court on January 9, 2018).

To FedEx Office's knowledge, no further process, pleadings, or orders related to this case have been filed in Orange Superior Court or served by any party.

## TIMELINESS OF REMOVAL

5.      Plaintiff caused the Complaint to be filed on November 9, 2017.  On November 27, 2017, Plaintiff mailed a Notice of Acknowledgement of Receipt along with copies of the Summons, Complaint, Civil Case Cover Sheet, and ADR Packet, providing 20 days for FedEx Office to acknowledge receipt under California Code of Civil Procedure section 415.30.  On December 15, 2017, FedEx Office signed and returned to Plaintiff via U.S. Mail the Notice of Acknowledgement of Receipt, thus effectuating service, which then provided FedEx Office 30 days to file a responsive pleading to that Complaint and/or remove the case to Federal court, or until January 16, 2018.  (Declaration of Martin E. Sullivan ["Sullivan Decl."], ¶ 2, Exhs. 1, 2.)

6.      This Notice of Removal is timely filed as it is filed within 30 days of the service of the Summons and Complaint (28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the summons and complaint)) and within one (1) year of the commencement of this action.  28 U.S.C. § 1446(b)(1).

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1332(a)(1), 1441, 1446 (DIVERSITY)

32277942_1.docx

## DIVERSITY JURISDICTION

7.      This Court has subject matter jurisdiction in this case based upon diversity jurisdiction.  28 U.S.C. § 1332.  Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states.  *Id.* § 1332(a)(1).  Both of the requirements for subject matter jurisdiction based on diversity jurisdiction are met in this case and, therefore, this case is removable to this Court.

8.      The United States Supreme Court has held that, under 28 U.S.C. section 1446(a), a defendant seeking to remove a case to federal court need only file a "notice of removal 'containing a short and plain statement of the grounds for removal.'"  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  The Court further held this language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" and that "[a] statement short and plain need not contain evidentiary submissions."  *Id.* at 551, 553.

### A.      The Citizenship Of The Parties Is Diverse

For removal purposes, citizenship is measured both when the action is filed and removed.  *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

#### i.      Plaintiff Is A Citizen Of California

9.      For diversity purposes, a person is a citizen of the state in which he is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Murroquin v. Wells Fargo, LLC*, 2011 U.S. Dist. LEXIS 10510, at *3-4 (S.D. Cal. 2011); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides *prima facie* case of domicile); *see Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1332(a)(1), 1441, 1446 (DIVERSITY)

supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court Complaint of residency created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise).

10.     The Complaint alleges that **"Plaintiff is an individual residing and domiciled in the State of California, and a citizen of the State of California."** (Complaint, ¶ 1) (emphasis added.)  Additionally, for the entirety of Plaintiff's employment with FedEx Office, he represented to FedEx Office that he lived, resided and domiciled in the State of California and, consequently, FedEx Office issued IRS forms W2 to his address in California.  (Declaration of Karen Berglas, "Berglas Decl.," ¶ 8.)  Accordingly, Plaintiff is a <u>citizen,</u> <u>resident</u> and <u>domiciliary</u> of the State of California.

### ii.     FedEx Office Is Not A Citizen Of California

11.     For diversity purposes, a corporation shall be deemed a citizen of any State in which it has been incorporated and of the State where it has its principal place of business.  28 U.S.C. § 1332(c)(1); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing the statute).  As explained by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), the phrase principal place of business in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high level officers direct, control and coordinate the corporation's activities, *i.e.*, its nerve center, which will typically be found at its corporate headquarters.  *Hertz Corp.*, 559 U.S. at 78.

12.     FedEx Office and Print Services, Inc. (i.e., Defendant) was at the time the Complaint was filed and still is incorporated in the State of Texas.  (Berglas Decl., ¶ 4.)  FedEx Office and Print Services, Inc.'s principal place of business at the time of the filing of the Complaint was at the time the Complaint was filed and still is located at its corporate headquarters at 7900 Legacy Drive, Plano, Texas.  (Berglas Decl., ¶¶ 4-7.)

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1332(a)(1), 1441, 1446 (DIVERSITY)

13.     For the purposes of federal diversity jurisdiction, FedEx Office is a <u>citizen</u> of the State of Texas.  FedEx Office is not a citizen of the State of California.

### iii.     Doe Defendants Are Disregarded For Diversity

14.     The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal.  28 U.S.C. § 1441(b); *Newcomb v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).  Accordingly, complete diversity of citizenship exists in this matter between Plaintiff and FedEx Office.

### B.     FedEx Office Only Has To Show By A Preponderance Of The Evidence That The Amount In Controversy Exceeds $75,000.

15.     The Federal Court's Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), which applies to state and federal lawsuits commenced on or after January 6, 2012, defines the standard for showing the amount in controversy.  Pub. L. 112-63, Title II, § 205.

16.     Under the JVCA, Congress clarified that the *preponderance of the evidence* standard applies to removals under 28 U.S.C. § 1332(a).  *See* H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met").  28 U.S.C. § 1446(c)(2)(A) provides, in relevant part, that "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded."  Under these circumstances, "removal of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)," or $75,000.  28 U.S.C. § 1446(c)(2)(B).  Accordingly, a removing defendant must demonstrate that the amount in controversy is more than $75,000 by a preponderance of the evidence, not to a legal certainty.

17.     The United States Supreme Court held that, "as specified in

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1332(a)(1), 1441, 1446 (DIVERSITY)

§1446(a), a defendant's notice of removal need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554 (emphasis added). The Ninth Circuit has also rejected application of the legal certainty standard for removals. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. Aug. 27, 2013) ("A defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum").

18.    A defendant meets this burden when, as here, a plaintiff alleges on the face of the complaint that damages exceed the requisite amount in controversy. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). "In measuring the amount in controversy, a court must "assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint." *Id.*

19.    Even where there is no amount in controversy alleged in the Complaint, the burden is relatively low and a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In addition to the contents of the removal petition, the court considers 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits or declarations"); *Rippee v. Boston Mkt. Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendant's own numbers" for "purposes of analyzing the amount in controversy"). Such calculations are more than sufficient to establish the amount in controversy. *See Rippee*, 408 F. Supp. 2d at 986 ("The amount of overtime claims in controversy can . . . be calculated using a combination of Defendant's own numbers and Plaintiff's allegations").

20.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v.*

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION**
**UNDER 28 U.S.C. §§ 1332(a)(1), 1441, 1446 (DIVERSITY)**

*Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).  In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees.  *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

**A.**  **Plaintiff Alleges On The Face Of The Complaint That He Seeks Compensatory and Punitive Damages, Fees and Costs, Exceeding $500,000.**

21.  According to the Complaint, "Plaintiff herein seeks any and all recoverable damages and/or remedies including but not limited **to compensatory monetary damages, recovery for his mental distress, legal fees and costs, plus punitive damages of no less than $500,000.**"  (Complaint, ¶ 27)(emphasis added.) Plaintiff also alleges to have "suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all to **his damages in an amount to be determined at trial and according to proof, in excess of $500,000,**" (Complaint, ¶¶ 32, 41, 50, 57), including "lost income to date and future income." (Complaint, ¶ 64) (emphasis added.)  Plaintiff's allegations are sufficient to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. See *Korn*, 536 F. Supp. 2d at 1205; *Rippee,* 408 F. Supp. 2d at 986; *Kenneth Rothschild Trust*, 199 F.Supp.2d at 1001.

**i.**  **Plaintiff's Potential Back Pay and Front Pay Claims Are Estimated As $310,455.64.**

22.  Plaintiff alleges that FedEx Office terminated his employment in February 2017.  (Complaint, ¶ 25.)  As a fulltime employee, Plaintiff's average gross earnings between 2013 and 2016 were $50,073.49 annually.  (Berglas Decl., ¶ 9.)

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1332(a)(1), 1441, 1446 (DIVERSITY)

Although FedEx Office denies Plaintiff is entitled to recover any such damages, if Plaintiff is able to recover back wages from his alleged last date of employment until the present—approximately 10 months—the amount of back pay could equal $41,727.90.  Further, if the case proceeds to trial in late December 2019, a year from when it was removed, and Plaintiff remains unemployed, he would likely seek at least 22 months of lost wages, which is approximately $110,161.70, not including benefits.

23.    In addition, front pay awards in California frequently span a number of years.  *See, e.g., Bihun v. AT&T Information Systems, Inc.*, 13 Cal. App. 4th 976, 996-997 (1993) (upholding front pay award under the Fair Employment and Housing Act that compensated plaintiff for the remainder of his entire working life) (*disapproved on other grounds in Lakin v. Watkins Associated Indus.*, 6 Cal. 4th 644 (1993)).  If Plaintiff seeks front pay damages for only the four years immediately following trial, the amount of future wages in controversy could total at least an additional $200,293.90.  Accordingly, a reasonable estimate of Plaintiff's claims for back pay and front pay is at least $310,455.64.

### ii.    Plaintiff's Potential Emotional Distress Damages Far Exceed $75,000.

24.    Plaintiff also claims compensatory damages for emotional distress.  (*See* Exhibit A, Complaint ¶¶ 27, 32, 41, 50, 57, 64; and Prayer for Relief, p. 14.)  A review of jury verdicts in California—attached as Exhibit 2 and authenticated in paragraph 3 of the Declaration of Martin Sullivan filed with this Notice—demonstrates that emotional distress awards in discrimination and wrongful termination cases commonly exceed $75,000.  The following cases have resulted in emotional distress damages awards in excess of the $75,000 threshold: *Juarez v. AutoZone Stores, Inc.*, JVR No. 1412040011, 2014 WL 7017660 (S.D. Cal. Nov. 17, 2014) ($250,000 for pain and suffering); *Vaughn v. CNA Casualty of California*, 2008 WL 4056256 (C.D. Cal.)  ($300,000 for non-economic damages); *Betson v.*

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1332(a)(1), 1441, 1446 (DIVERSITY)

*Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.) ($500,000 for non-economic damages); *Ismen v. Beverly Hospital*, 2008 WL 4056258 (L.A. County Sup. Ct.) ($113,100 for emotional distress); *Christle v. City of Los Angeles*, 2007 WL 4624405 (L.A. County Sup. Ct.) ($804,760 for non-economic damages); *Shay v. TG Construction, Inc.*, 2002 WL 31415020 (Ventura County Sup. Ct.) ($137,500 for pain and suffering); *Mnaskanian v. 21st Century Ins. Co.*, 2006 WL 2044625 (L.A. County Sup. Ct.) ($300,000 for non-economic damages); *Miller v. Lockheed Martin*, 2005 WL 4126684 (Los Angeles County Sup. Ct.) ($300,000 for non-economic damages); *Cal. Dep't of Fair Employment and Housing v. County of Riverside*, 2003 WL 24304125 (Riverside County Sup. Ct.) ($300,000 for non-economic damages). (True and correct copies of these verdicts are attached as Exhibit 2 to Sullivan Decl., ¶ 3.)

25.    Plaintiff's allegations that he was discriminated against and wrongfully terminated are similar to the issues in these cases. Accordingly, even from a conservatively measured standpoint, Plaintiff's prayer for emotional distress damages satisfies that the amount in controversy exceeds $75,000.

### iii.    Plaintiff's Punitive Damages May Far Exceed $75,000.

26.    The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *see also* Exhibit A, Complaint, ¶¶ 27, Prayer for Relief, p. 14.

27.    The economic resources of a defendant and the amount of compensatory damages are two of three factors courts consider in arriving at punitive damage awards. *See, e.g., Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000). In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award . . . . That does not make its use [in determining the constitutionality

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1332(a)(1), 1441, 1446 (DIVERSITY)

of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors." (internal citations omitted). Therefore, the request for punitive damages weighs in favor of establishing the amount in controversy.

28.    Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged wrongful termination cases. *See, e.g., Juarez*, JVR No. 1412040011, 2014 WL 7017660 (S.D. Cal. Nov. 17, 2014) ($185,000,000 in punitive damages) (See Exhibit 2 to Sullivan Decl., ¶ 3.). Therefore, in addition to Plaintiff's special and general damages, discussed above, and, again, even from a conservatively measured standpoint, Plaintiff's prayer for punitive damages demonstrates that the amount in controversy exceeds $75,000.

### iv.    It Is More Likely Than Not That Attorneys' Fees For Bringing A FEHA Claim to Trial Exceed $75,000.

29.    Finally, the Court may consider attorneys' fees when determining the amount in controversy in a FEHA case. *See Simmon*, 209 F. Supp. 2d at 1034. Courts within the Ninth Circuit have recognized that "attorneys' fees in individual discrimination cases often exceed the damages." *See Id.* at 1035. Thus, even Plaintiff's request for attorney's fees shows that the amount in controversy exceeds $75,000.

### v.    The Amount In Controversy Exceeds $75,000.

30.    In sum, beyond Plaintiff's claim in his complaint that the amount in controversy exceeds $500,000 (see paragraph 21, above), when his potential emotional distress damages, punitive damages, and attorneys' fees are added to Plaintiff's alleged wage-related damages, it is further evidence that, "more likely than not," the amount at issue in this lawsuit far exceeds the minimum amount required for diversity jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir.) opinion amended and superseded on denial of reh'g, 102 F.3d 398

32277942_1.docx

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1332(a)(1), 1441, 1446 (DIVERSITY)

(9th Cir. 1996).[1]  Based upon the allegations contained in Plaintiff's Complaint, as discussed above, FedEx Office is therefore informed, believes and alleges that the amount in controversy in this action exceeds $75,000 and, accordingly, Plaintiff seeks damages within the jurisdictional authority of this Court.  Since diversity of citizenship exists between the Plaintiff and FedEx Office and the amount in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1).  This action is therefore proper for this Court to remove.

## NO JOINDER REQUIRED

31.    Unnamed, or doe defendants are not required to join in removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988) (doe defendants need not join in removal).

## VENUE

32.    Venue is proper in this Court because this action was originally filed in Orange Superior Court, located within this District and Division of the Court. *See* 28 U.S.C. §§ 84(c), 1441(a).  Venue of this action is also proper pursuant to 28 U.S.C. section 1391, providing that an action may be venued in a judicial district where a substantial part of the event or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(a) and (b).

## NOTICE OF REMOVAL TO PLAINTIFF

33.    Following the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will

---

[1] By estimating the amount Plaintiff may recover if he prevails, Defendant does not concede that Plaintiff will prevail on his claims or that, if he prevails, he is entitled to damages in any particular amount or at all.  Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

1 be given by the undersigned to Plaintiff's Counsel of Record, John C. O'Malley,

2 Esq., and a copy of the Notice of Removal will be filed with the Clerk of the Orange

3 Superior Court.

### PRAYER FOR REMOVAL

5    WHEREFORE, FedEx Office prays that this civil action be removed from the

6 Superior Court of the State of California, County of Orange, to the United States

7 District Court of the Central District of California (Southern Division)

8

9 DATED:  January 10, 2018            OGLETREE, DEAKINS, NASH, SMOAK &
10                                    STEWART, P.C.

11

12                                    By:  /s/ Hardy Ray Murphy
                                          Hardy Ray Murphy
13                                        Martin E. Sullivan

14                                    Attorneys for Defendant
                                     FEDEX OFFICE AND PRINT SERVICES,
15                                   INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1332(a)(1), 1441, 1446 (DIVERSITY)

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
John C. O'Malley, Bar No. 143671
jomalley@pacifictrialattorneys.com
4100 Newport Place Dr., Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff
MARK BUTTERFIELD

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
**11/09/2017** at 03:07:39 PM
Clerk of the Superior Court
By Dollie Campos, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

Judge Geoffrey T. Glass

| | |
|---|---|
| MARK BUTTERFIELD, an individual,<br><br>      Plaintiff,<br><br>      vs.<br><br>FEDEX OFFICE AND PRINT SERVICES, INC., a corporation; and DOES 1-10, inclusive,<br><br>      Defendants. | **Case No.:** 30-2017-00955002-CU-WT-CJC<br><br>**COMPLAINT FOR:**<br><br>(1) **AGE AND DISABILITY DISCRIMINATION – DISPARATE TREATMENT [Cal. Gov. Code § 12940(a)];**<br>(2) **DISABILITY DISCRIMINATION – FAILURE TO REASONABLY ACCOMMODATE [Cal. Gov. Code § 12940(m)];**<br>(3) **DISABILITY DISCRIMINATION – FAILURE TO ENGAGE IN INTERACTIVE PROCESS [Cal. Gov. Code § 12940(n)];**<br>(4) **UNLAWFUL RETALIATION;**<br>(5) **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; AND**<br>(6) **VIOLATION OF LABOR CODE DUE TO NON-PAYMENT OF ALL WAGES DUE**<br><br>**JURY TRIAL DEMANDED** |

EXHIBIT A, PAGE 13

Plaintiff Mark Butterfield ("Plaintiff") complains and alleges, on information and belief, except where noted otherwise, as follows:

## PARTIES

1.      Plaintiff is an individual residing and domiciled in the State of California, and a citizen of the State of California.

2.      On information and belief, Defendant FedEx Office And Print Services, Inc. ("FedEx") is a corporation with substantial operations and offices in California, including in the County of Orange.

3.      Venue is proper in this Court because a substantial portion of the alleged injuries have been suffered in Orange, and Plaintiff resides in Orange. Additionally, the damages and injuries sustained by Plaintiff now are within the County of Orange.

4.      The true names and capacities of the DOE Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5.      At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants. Defendant FedEx and the DOE Defendants are hereafter collectively referred to as "Defendants."

## FACTUAL BACKGROUND

6.      Plaintiff was employed by FedEx as a Senior Center Manager for roughly eleven years. Over the course of those years, Plaintiff performed well in his role. He was an able performer, had satisfactory reviews, and expected to have a long, ongoing career with FedEx.

7.      Yet, over the course of the several recent years and arising in roughly January 2015, Plaintiff unfortunately experienced certain foot injuries which required him to take leave(s) from work

EXHIBIT A, PAGE 14

to have surgeries performed on each foot.  Plaintiff then sought to return to work after said surgeries, subject to various documented medical restrictions.  In the first instance, a few years ago, Plaintiff had a surgical procedure performed on one of his feet due to injuries he sustained as to same. While the injury itself was very painful, the surgery to address it was not only unpleasant but debilitating, requiring Plaintiff to take a period of extended medical leave to recover before resuming work.  After a period of medical leave, Plaintiff sought to return from his first foot surgery and was granted the right to return. At the time, Plaintiff via doctor's orders was given several restrictions in his work, which included restrictions as to his movement, his need to use an ambulatory device, certain alterations as to his schedule, and/or other restrictions.

8.     During his return from his original surgery/foot problem, FedEx met the medical restrictions for Plaintiff and he was able to work appropriately in his job subject to those restrictions as long as they were in place.

9.     Since the date when FedEx previously accommodated Plaintiff's medical condition, physical disability and/or needs, and conditions arising from his prior foot surgery and any complications, FedEx changed in part its management in the facility where Plaintiff worked.  On information and belief, as of 2016, the new management at the center where Plaintiff worked was significantly more hostile to disabilities, needs for medical leave, and the rights of employees to return from same.

10.     In September 2016, Plaintiff was required to take another medical leave to have another foot surgery.  The surgery was performed.  After an appropriate period of recovery and pursuant to his rights to do so, Plaintiff then sought to return to work in or about November 2016, subject to similar restrictions he had worked under after his prior foot surgery. The restrictions sought by Plaintiff were documented in writing via the doctor Plaintiff had been consulting.  **The restrictions in question set forth by the doctor in or about November 2016 were essentially the same, or in fact precisely identical, to those previously honored by FedEx during Plaintiff's prior return to work in the exact same job**.

11.     Despite Plaintiff submitting to FedEx his medical information from his authorized physician and seeking to return to work pursuant to his usual (and prior) restrictions, FedEx suddenly,

EXHIBIT A, PAGE 15

callously, and unlawfully informed Plaintiff that it would <u>not</u> accept his restrictions and would *not allow him to return*. This position and such actions were directly contrary to the prior course of dealing of the parties and the medical information in question. There was also no legitimate basis for this position taken by FedEx. At no time did FedEx provide its own medical information, nor an approved medical basis for refusing to accept the medical restrictions Plaintiff has provided due to his surgery and had worked under in the past in the same job at FedEx.

12.    Plaintiff was shocked by FedEx's position and followed up in response to same by contesting the refusal by FedEx to allow Plaintiff to return under the same general restrictions he had earlier during his employment for the same or similar injuries and/or surgeries.

13.    By mid-December 2016, however, FedEx still had refused to allow Plaintiff to return. Instead, it had objected to his restrictions and told him again it was refusing to allow his return to work. These positions by FedEx were at all times unlawful and intentional, and caused Plaintiff extreme consternation, frustration, and problems.

14.    In December 2016, in response to FedEx's improper responses, and despite having no duty to do so because FedEx should have allowed his return to work originally based on the prior restrictions noted, Plaintiff returned to consulting his approved physician and sought to determine if the medical restrictions previously provided could somehow be reduced so he could return to work. Based on his extreme desire to return to his job of eleven years, Plaintiff bent over backward and managed to secure and present reduced restrictions for FedEx's approval.

15.    Nonetheless, even then after the written medical restrictions for Plaintiff had been reduced, FedEx -- via a new manager in Plaintiff's department who was hostile to allowing injured or disabled employees to return to work -- refused again to allow Plaintiff's return to employment. This conduct by FedEx was once more unlawful, unsupported, wrongful, discriminatory, retaliatory, and intentional and violated its legal duties.

16.    Plaintiff was extremely disappointed in FedEx's ongoing refusal to abide by its legal duties and to allow his return to work. As such, Plaintiff sought further communication with FedEx personnel as to same and did in fact communicate further with FedEx on or about December 21, 2016 as to FedEx's unlawful refusal to accommodate him and to engage properly and in good faith in the

EXHIBIT A, PAGE 16

interactive process.  Plaintiff noted he wanted to come back to work, he was qualified and entitled to do so, he had prior medical restrictions that should have been approved by FedEx and had even gotten those restrictions adjusted or lowered, and he needed now to return to work as he was legally entitled to do.

17.     During a telephone call on or about December 21, 2016, FedEx again acted to fail and refuse to approve Plaintiff's return and sought to block, delay, and/or raise additional hurdles to same to prevent Plaintiff from returning to work.  Such improper conduct by FedEx caused Plaintiff finally to remark expressly during the call on or about December 21 that he apparently needed to seek legal counsel because he could not understand FedEx's continuing refusal to allow his return to work.  In response to this basic comment by Plaintiff as to preserving his legal rights, the FedEx manager in question continued to react in a harsh, negative manner and continued to harbor a negative, unlawful, and negative animus as to Plaintiff.

18.     In the aftermath of the call on or about December 21, and despite previously establishing a hostile and improper environment as to his disability by rejecting Plaintiff's normal and ordinary restrictions as Plaintiff sought to return to work after his surgery, plus delaying and blocking any return, and basically giving Plaintiff the run-around as to same, FedEx suddenly and belatedly purported to alter its position.  Within the days that followed the call of on or about December 21, FedEx alerted Plaintiff that he now could return to work subject to his now amended restrictions.  On information and belief, FedEx's position in this regard was pretextual, hollow, and undertaken as a sham and/or other improper means or device to pretend to honor its legal obligations to allow Plaintiff to return to work while undertaking to still harbor unlawful animus and intent to prevent his continued employment by FedEx and to design a means to terminate, undercut, jeopardize, and/or cause adverse employment action to be taken as to Plaintiff's employment with the end result that his employment was terminated and/or ended.

19.     Without consulting legal counsel, and unaware of the pretextual actions of FedEx, Plaintiff did return to work at FedEx in or about late December 2016.

/ / /

/ / /

- 4 -
COMPLAINT

EXHIBIT A, PAGE 17

20.    Upon showing up for work, Plaintiff intended to resume his prior duties and position at FedEx, to move forward as to same, and to be employed by FedEx for many years to come, and thereby earn substantial salary, benefits, other monies, and value from said employment.

21.    Yet, based on the clear animus and hostile environment created by FedEx not wanting Plaintiff back at work subject to doctor's restrictions, and/or as a result of his prior medical leave, FedEx undertook to create a hostile work environment for Plaintiff and to set him up for termination. Indeed, the first day Plaintiff returned to work, his supervisor (who was an employee that sought to block Plaintiff's return to work) had scheduled a supposed meeting to provide Plaintiff with a re-orientation to his job, but the supervisor then failed to appear as to same. Next, the same FedEx supervisor to whom Plaintiff now reported told Plaintiff as soon as he saw him at work that he did not see Plaintiff's continued employment at FedEx working out. Plaintiff had just returned to work following his medical leave and injuries and had no prior experience working for this individual. But the supervisor was already declaring that he did not see Plaintiff's continued employment working out. This was all part of the hostile treatment and environment Plaintiff was forced to encounter on his return to work.

22.    Thereafter, the hostile and negative treatment of Plaintiff continued. Shortly after his return to work, FedEx informed Plaintiff of an investigation into some alleged misdealing which occurred at FedEx while Plaintiff was on leave from the Company. The ongoing investigation into alleged misdealing had nothing to do with Plaintiff as he was on medical leave and was not at the facility during the timeframe the investigation was inquiring into when others at FedEx that had assumed his duties and responsibilities during his period of medical leave were in charge.

23.    Oddly, in January 2017, Plaintiff was soon thereafter informed by FedEx that another purported "investigation" had somehow been commenced which now did directly involve Plaintiff. Plaintiff did not understand how this was possible as he had been on medical leave and had just returned to work, but this is the purported position FedEx took.

24.    Pursuant to the above, FedEx quickly sought in January/February 2017 to ambush Plaintiff and to use purported events as a clear pretext to terminate suddenly Plaintiff's employment. As part of same, FedEx purported to do an investigation of events occurring during

EXHIBIT A, PAGE 18

timeframes when Plaintiff was on medical leave, and then based on the supposed results of whatever occurred when Plaintiff was on medical leave, FedEx abruptly sought to terminate Plaintiff's employment. None of this was done in good faith, none of it was done via a proper investigation into the facts and circumstances, and via the conduct undertaken as to Plaintiff he was set up and made the subject of selective enforcement and selective, wanton, and improper discipline on pretextual grounds and for reasons designed to make the unlawful animus and illegal intent of FedEx to the effect that it did not want Plaintiff with his medical restrictions and/or prior medical leaves or injuries continuing to work there, it did not want to accommodate him, and it did not want to engage in proper interactive processes with him. Hence, it instead discriminated against, retaliated against, and constructed a hostile work environment for Plaintiff due to his disability, prior medical leave, need for accommodation, and/or other rights and responsibilities FedEx owed Plaintiff based on his physical condition, disability, and/or medical treatment, prior medical leaves, potential need for future leaves, and/or the like.

25.    As of early February 2017, FedEx suddenly terminated Plaintiff's employment on specious and pretextual grounds and presented him with his last paycheck. As a technical matter, it appears Plaintiff's last paycheck was short at least two days of pay, and Plaintiff has the right to be paid for all prior time in FedEx's employ.

26.    Since his wrongful termination, Plaintiff has experienced the loss of his employment and benefits, mental distress, other legal damage, the non-payment of all wages due, attorneys' fees, and costs, as well as any other actionable harm.

27.    All of the above presents a clear case of unlawful termination, failure to accommodate, failure to engage in good faith in the interactive process, discrimination, and/or retaliation against FedEx. It further constitutes a clear case of non-payment of wages due, a right to penalties and interest as to same, plus a right on all claims to attorneys' fees and costs. Accordingly, as to same, Plaintiff herein seeks any and all recoverable damages and/or remedies including but not limited to compensatory monetary damages, recovery for his mental distress, legal fees and costs, plus punitive damages of no less than $500,000 and in excess of the jurisdiction of this Court.

/ / /

/ / /

EXHIBIT A, PAGE 19

# CAUSES OF ACTIONS

## FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION – DISPARATE TREATMENT [Cal. Gov. Code § 12940(a)]

**(By Plaintiff Against Defendant FedEx and Doe Defendants)**

28.     Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

29.     At all times herein mentioned, the FEHA, §§ 12940, *et seq.*, was in full force and effect and was binding on Defendants.  Plaintiff was, at all times material hereto, an employee covered by the provisions and protections of the FEHA. These sections require Defendants to refrain from discriminating any employee on the basis of disability, need for medical leaves, or medical condition.

30.     The foregoing conduct by Defendants violates the FEHA, Government Code § 12940 (a), which provides that discrimination of employees on the basis of disability, a need for medical leave and/or a medical condition is an unlawful employment practice.  The discrimination by Defendants of Plaintiff based on his disability, medical leaves, and/or medical condition and/or need for future medical leaves and thus violates Government Code § 12940(a).

31.     Plaintiff's disability and/or medical conditions and/or medical leaves and need for same were a motivating factor in Defendants' decision to discriminate against, harass and eventually terminate Plaintiff.  Such discrimination violates Government Code § 12940(a) and has resulted in damage to Plaintiff.

32.     As a legal result of the discrimination of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all to his damages in an amount to be determined at trial and according to proof, in excess of $500,000.

33.     As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff suffered substantial harm.  Plaintiff suffered economic and non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

34.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

EXHIBIT A, PAGE 20

Pursuant to Government Code § 12940, *et seq.,* and/or other applicable law, Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees.

35.    The acts of Defendants alleged above were done maliciously and/or oppressively.  The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injury, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code Section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

**SECOND CAUSE OF ACTION**

**DISABILITY DISCRIMINATION – FAILURE TO REASONABLY ACCOMMODATE [Cal. Gov. Code § 12940(m)]**

**(By Plaintiff Against Defendant FedEx and Doe Defendants)**

36.    Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

37.    At all times herein mentioned, the FEHA, §§ 12940, *et seq.*, was in full force and effect and was binding on Defendants.  Plaintiff was, at all times material hereto, an employee covered by the provisions and protections of the FEHA. These sections require an employer to provide reasonable accommodation to an employee with a known disability or medical condition, pursuant to Gov. Code section 12940(m).

38.    Plaintiff provided notice to Defendants of his disability and/or medical condition, which gave rise to the employer's duty to provide reasonable accommodation to Plaintiff concerning his disability and/or medical condition.

39.    Defendants failed to provide reasonable accommodation as required by Gov. Code section 12940(m) and instead summarily terminated Plaintiff's employment as a result of his disability and/or medical condition.

40.    The foregoing conduct violates FEHA, Government Code § 12940 (m), which provides that the failure to provide reasonable accommodation to an employee with a known disability and/or medical condition is an unlawful employment practice.

EXHIBIT A, PAGE 21

41.     As a legal result of the discrimination of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all to his damages in an amount to be determined at trial and according to proof, in excess of $500,000.

42.     As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff suffered substantial harm.  Plaintiff suffered economic and non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

43.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to Government Code § 12940, *et seq.,* and/or other applicable law, Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees.

44.     The acts of Defendants alleged above were done maliciously and/or oppressively.  The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injury, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

## THIRD CAUSE OF ACTION

### DISABILITY DISCRIMINATION – FAILURE TO ENGAGE IN INTERACTIVE PROCESS

### [Cal. Gov. Code § 12940(n)]

**(By Plaintiff Against Defendant FedEx and Doe Defendants)**

45.     Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

46.     At all times herein mentioned, the FEHA, §§ 12940, *et seq.*, was in full force and effect and was binding on Defendants.  Plaintiff was, at all times material hereto, an employee covered by the provisions and protections of the FEHA. These sections require an employer to engage in the interactive process with an employee with a known disability or medical condition to formulate a reasonable accommodation, pursuant to Gov. Code section 12940(n).

47.     Plaintiff provided notice to Defendants of his disability and/or medical condition, and/or

EXHIBIT A, PAGE 22

medical leaves which gave rise to the employer's duty to engage in a valid and good faith interactive process to provide reasonable accommodation to Plaintiff concerning his disability and/or medical condition and/or associated issues or conditions.

48.    Defendants failed to engage in a valid, good faith interactive process as required by Gov. Code section 12940(n) and instead summarily terminated Plaintiff's employment as a result of his disability and/or medical condition.

49.    The foregoing conduct violates the FEHA, Government Code § 12940(n), which provides that the failure to engage in a proper, good faith interactive process to an employee with a known disability and/or medical condition and/or who is seeking accommodation is an unlawful employment practice.

50.    As a legal result of the discrimination of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all to his damages in an amount to be determined at trial and according to proof, in excess of $500,000.

51.    As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff suffered substantial harm.  Plaintiff suffered economic and non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

52.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to Government Code § 12940, *et seq.,* and/or other applicable law, Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees.

53.    The acts of Defendants alleged above were done maliciously and/or oppressively.  The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injury, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

/ / /

/ / /

- 10 -
COMPLAINT

**FOURTH CAUSE OF ACTION**

**UNLAWFUL RETALIATION**

**(By Plaintiff Against Defendant FedEx and Doe Defendants)**

54.     Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

55.     Under California law, it is unlawful for an employer to retaliate against an employee for having a disability or medical condition, asserting his or her rights to work subject to the disability or medical condition and with medical restrictions as to same, seeking an accommodation for his or her disability or medical condition, taking necessary, required, or advisable medical leave, seeking to engage in the interactive process as to his or her job and physical or medical condition and/or in retaliation for making reports of actual or suspected wrongdoing by the employer and/or those in its employ. The wrongful acts of retaliation may include demotion, termination, or other adverse employment action.

56.     Despite the above, in violation of California law, FedEx terminated Plaintiff in a retaliatory manner and in direct response to the acts by Plaintiff in having a disability or medical condition, asserting his or her rights to work subject to the disability or medical condition and with medical restrictions as to same, seeking an accommodation for his or her disability or medical condition, taking necessary, required, or advisable medical leave, seeking to engage in the interactive process as to his or her job and physical or medical condition and/or in retaliation for making reports of actual or suspected wrongdoing by the employer and/or those in its employ.

57.     As a legal result of the retaliation against Plaintiff described above, including the termination of her employment, Plaintiff has suffered and will continue to suffer substantial economic and non-economic damages.  These include all lost income to date and future income.  They also include humiliation, embarrassment, mental anguish and severe emotional and physical distress, all to her damages in an amount to be determined at trial and according to proof, in excess of $500,000.

58.     Plaintiff also has incurred and continues to incur legal expenses and attorney's fees. Pursuant to Government Code § 12940, *et seq.,* and/or other applicable law, Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees.

EXHIBIT A, PAGE 24

59.     The acts of Defendants alleged above were done maliciously and/or oppressively.  The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injury, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendant.

### FIFTH CAUSE OF ACTION FOR UNLAWFUL RETALIATION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (By Plaintiff Against Defendant FedEx and Doe Defendants)

60.     Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

61.     As promulgated in the California Constitution, Article I, Section 8, a fundamental public policy exists for the workplace to be free from discrimination, retaliation on account of whistleblowing, and other wrongful conduct.  Indeed, it is a public policy of California that employees shall be free from retaliation in the employment by virtue of prior internal or external reports made as to actual or suspected legal violations committed by the employer.

62.     These public policies are inherent as set forth generally in California Government Code § 12900 *et seq.* and under the California Constitution and/or other section of the California Labor or Government Code or regulations applicable here.

63.     Despite the above, FedEx terminated Plaintiff in a discriminatory or manner and in direct response to Plaintiff having a disability or medical condition, asserting his or her rights to work subject to the disability or medical condition and with medical restrictions as to same, seeking an accommodation for his or her disability or medical condition, taking necessary, required, or advisable medical leave, seeking to engage in the interactive process as to his or her job and physical or medical condition and/or in retaliation for making reports of actual or suspected wrongdoing by the employer and/or those in its employ.

64.     As a legal result of the said conduct against Plaintiff described above, including the termination of his employment, Plaintiff has suffered and will continue to suffer substantial economic

EXHIBIT A, PAGE 25

and non-economic damages. These include all lost income to date and future income. They also include humiliation, embarrassment, mental anguish and severe emotional and physical distress, all to her damages in an amount to be determined at trial and according to proof, in excess of $500,000.

65.    Plaintiff also has incurred and continues to incur legal expenses and attorney's fees. Pursuant to Government Code § 12940, *et seq.,* and/or other applicable law, Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees.

66.    The acts of Defendants alleged above were done maliciously and/or oppressively. The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injury, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendant.

## SIXTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE DUE TO NON-PAYMENT OF ALL WAGES DUE

### (By Plaintiff Against Defendant FedEx and Doe Defendants)

67.    Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

68.    Labor Code section 201 provides "if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. Labor Code section 202 provides "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting." Labor Code section 208 requires that all final wages be paid to an employee who is terminated at the place of discharge and to an employee who voluntarily resigns at the place where the employee has been working.

69.    Labor Code section 227.3 provides that "whenever a[n] employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of

EXHIBIT A, PAGE 26

employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination."

70.    Defendants have violated California Labor Code sections 201 and 202 by willfully failing to timely pay all compensation due and owing to Plaintiff because of, as noted herein, said unpaid overtime wages, regular wages, minimum wages, reporting time pay, and one hour penalties for missed, interrupted, or untimely meal periods and rest periods, among others.

71.    Defendants willfully failed to pay Plaintiff all compensation due upon termination of employment as required under California Labor Code sections 201 and 202.  Pursuant to sections 203 and 256 of the Labor Code, Plaintiff is now entitled to recover up to thirty (30) days of wages due to Employer's willful failure to comply with the statutory requirements of sections 201 and 202 of the Labor Code.  In addition, because Employer violated California Labor Code sections 201, 202, and 203, Employer is liable for civil penalties pursuant to California Labor Code section 2698 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1.    General and compensatory damages, including mental distress;

2.    Prejudgment interest and penalties;

3.    Past due wages;

4.    Attorneys' fees and costs reasonably incurred;

5.    Punitive and/or exemplary damage;

6.    Such other relief that the Court deems proper.

Dated:  November 9, 2017

PACIFIC TRIAL ATTORNEYS
A Professional Corporation

By: _____
        John C. O'Malley, Esq.

COMPLAINT

EXHIBIT A, PAGE 27

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this

3  lawsuit.

4

5  Dated:  November 9, 2017                          PACIFIC TRIAL ATTORNEYS
                                                     A Professional Corporation
6

7                                                    By:_____

8                                                        John C. O'Malley, Esq.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A, PAGE 28

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>FEDEX OFFICE AND PRINT SERVICES, INC., a corporation; and DOES 1-10, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>MARK BUTTERFIELD, an individual | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**11/09/2017** at 03:07:39 PM<br>Clerk of the Superior Court<br>By Dollie Campos, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>Central Justice Center<br>700 Civic Center Drive West, Santa Ana, CA 92701 | **CASE NUMBER:**<br>*(Número del Caso):* 30-2017-00955002-CU-WT-CJC<br><br>Judge Geoffrey T. Glass |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John C. O'Malley    (Bar # 143671)                                    Fax No.: (949) 706-6469
PACIFIC TRIAL ATTORNEYS, A Professional Corporation     Phone No.: (949) 706-6464
4100 Newport Place Dr., Ste. 800, Newport Beach, CA 92660

| DATE:<br>*(Fecha)* 11/09/2017 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* _Dollie Campos_ | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use<br>
Judicial Council of California<br>
SUM-100 [Rev. July 1, 2009]
   **SUMMONS**   
Code of Civil Procedure §§ 412.20, 465<br>
www.courtinfo.ca.gov<br>
LexisNexis® Automated California Judicial Council Forms

**EXHIBIT B, PAGE 29**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

John C. O'Malley    (Bar # 143671)
PACIFIC TRIAL ATTORNEYS, A Professional Corporation
4100 Newport Place Dr., Ste. 800
Newport Beach, CA 92660

TELEPHONE NO.: (949) 706-6464          FAX NO.: (949) 706-6469
ATTORNEY FOR *(Name):* MARK BUTTERFIELD , Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**11/09/2017** at 03:07:39 PM
Clerk of the Superior Court
By Dollie Campos, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Butterfield v. FedEx Office and Print Services, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 30-2017-00955002-CU-WT-CJC |
| | | | | JUDGE: Judge Geoffrey T. Glass |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties          d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel          e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* SIX (6)
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 9, 2017

John C. O'Malley
_____
(TYPE OR PRINT NAME)          ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]          **CIVIL CASE COVER SHEET**          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT C, PAGE 30

*LexisNexis® Automated California Judicial Council Forms*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

LexisNexis® Automated California Judicial Council Forms

**EXHIBIT C, PAGE 31**

1  HARDY RAY MURPHY, CA Bar No. 187149
   hardy.murphy@ogletree.com
2  MARTIN E. SULLIVAN, CA Bar No. 274279
   martin.sullivan@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  400 South Hope Street, Suite 1200
   Los Angeles, CA 90071
5  Telephone:   213.239.9800
   Facsimile:   213.239.9045
6
   Attorneys for Defendant
7  FEDEX OFFICE AND PRINT SERVICES, INC.

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **FOR THE COUNTY OF ORANGE**

10

| | |
|---|---|
| 11  MARK BUTTERFIELD, an individual, | Case No. 30-2017-00955002-CU-WT-CJC |
| 12          Plaintiff, | **DEFENDANT'S ANSWER TO** |
| 13      vs. | **PLAINTIFF'S COMPLAINT** |
| 14  FEDEX OFFICE AND PRINT SERVICES, INC., | [Assigned for all purposes to |
| a corporation; and DOES 1-10, inclusive, | The Honorable Geoffrey T. Glass, Dept. C32] |
| 15 | |
| 16          Defendant. | Action Filed:   November 9, 2017 |
| | Trial Date:   None |

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**EXHIBIT D, PAGE 32**

1    Defendant FedEx Office and Print Services, Inc. ("FedEx") answers plaintiff Mark

2    Butterfield's ("Plaintiff's") unverified complaint for damages ("Complaint") as follows:

3    ## GENERAL DENIAL

4    Pursuant to Code of Civil Procedure section 431.30(d), FedEx generally denies each

5    allegation asserted in the Complaint, and specifically denies that Plaintiff has sustained damages, in

6    any manner or amount at all, by reason of any act, breach or omission by FedEx.  Without waiving

7    or excusing Plaintiff's own, and respective, burdens of proof and production of evidence, FedEx

8    further alleges, as for its affirmative defenses to all causes of action asserted against them in the

9    Complaint by Plaintiff, as follows:

10    ## FIRST AFFIRMATIVE DEFENSE

11    The Complaint fails to state facts sufficient to constitute a claim or claims against FedEx.

12    ## SECOND AFFIRMATIVE DEFENSE

13    This Court lacks jurisdiction over the Complaint and each purported cause of action alleged

14    in that Complaint because those causes of action are subject to mandatory and binding arbitration

15    under an arbitration agreement that Plaintiff and FedEx entered into.  Under applicable and

16    governing law, including, without limitation, the Federal Arbitration Act, Plaintiff is barred from

17    prosecuting his claims in this or any other court.  FedEx reserves the right to compel Plaintiff's

18    claims to arbitration.

19    ## THIRD AFFIRMATIVE DEFENSE

20    The causes of action alleged in the Complaint, or some of them, are barred by the

21    applicable statutes of limitation, including, without limitation, Code of Civil Procedure sections

22    335.1, 338 and 340, and Government Code sections 12960 and 12965.

23    ## FOURTH AFFIRMATIVE DEFENSE

24    The causes of action alleged in the Complaint, or some or parts of them, are barred or

25    outside the jurisdiction of this Court because they are preempted by the Workers' Compensation

26    Act.

27

28

32132475_2.docx

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT D, PAGE 33

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff receives, or in the future receives, benefits (including under the Workers' Compensation Act) for the claimed injuries that give rise to the causes of action alleged in the Complaint, or some of them, any judgment rendered in favor of Plaintiff on those claims must be reduced or off-set by the amount of the benefits paid to or on behalf of Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

The causes of action of the Complaint, or some of them, are barred to the extent that Plaintiff is seeking to recover multiple statutory penalties, civil penalties, multiple damages, and/or punitive damages for the same injuries or conduct.

### SEVENTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint, or some or parts of them, are barred because Plaintiff failed to exhaust the administrative remedies available to him before bringing those claims or filing this lawsuit, as required by law, and/or those causes of action, or some or parts of them, are not within the reasonable scope of any administrative charges allegedly filed by Plaintiff against FedEx.

### EIGHTH AFFIRMATIVE DEFENSE

FedEx's alleged conduct toward Plaintiff was done in good faith, privileged and justified, and based on legitimate, non-discriminatory and non-retaliatory reasons, certain of which consisted of, among other lawful actions, routine personnel or management decisions that were undertaken for fair and honest reasons and regulated by good faith under the circumstances then existing.

### NINTH AFFIRMATIVE DEFENSE

FedEx took reasonable steps to prevent and correct any harm alleged in the Complaint, by, among other actions, conducting appropriate, good faith and prompt investigations of the matters that Plaintiff brought to FedEx's attention, if any, and responding timely and properly to those matters. Despite these actions, Plaintiff unreasonably failed to take advantage of FedEx's preventative or corrective procedures to avoid the alleged harm and, if he had done so, all or some of that harm could have been prevented. Accordingly, Plaintiff's damages are barred, in whole or in part, under the avoidable consequences doctrine.

3

32132475_2.docx

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief based on any violation of the California Labor Code are barred on the grounds that any such violations were de minimis, and ignoring the de minimis violation of the law, if any, FedEx complied with its obligations under the California Labor Code.

## ELEVENTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint, or some of them, are barred because Plaintiff's was unable to perform his essential job duties with or without reasonable accommodation.

## TWELFTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint, or some of them, are barred because Plaintiff's proposed accommodations would create an undue hardship to the operation of FedEx's business.

## THIRTEENTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint, or some of them, are barred because even with reasonable accommodations, Plaintiff could not perform his essential job duties without endangering his health or safety or the health or safety of others more than if an individual without a disability performed the job duty.

## FOURTEENTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint, or some of them, are barred because Plaintiff refused to participate in good faith in the interactive process.

## FIFTEENTH AFFIRMATIVE DEFENSE

Should Plaintiff prove that any protected status or protected conduct was a substantial factor motivating the challenged employment action, which FedEx denies, the same employment actions would have been taken based on other legitimate considerations, regardless of any such status of or conduct by Plaintiff.

32132475_2.docx

**EXHIBIT D, PAGE 35**

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are the proximate result of independent, intervening, or superseding causes, including, without limitation, the conduct of Plaintiff or others, for which or whom FedEx were and are not responsible. Therefore, Plaintiff's damages, if any, are unrelated to any conduct on the part of FedEx and the Court must reduce or deny any judgment rendered against FedEx, accordingly.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff, through his conduct, approved, authorized, acquiesced, consented to, caused, or ratified the conduct alleged in the Complaint, to the extent it occurred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The damage and injury, if any, allegedly suffered by Plaintiff were directly and proximately caused and/or contributed to by Plaintiff's own negligence and comparative fault, or the negligence and fault of other persons and entities and, therefore, Plaintiff's recovery, if any, against FedEx, should be offset, diminished and reduced in accordance with the principles of comparative fault.

## NINETEENTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint, or some of them, are barred by the doctrines of waiver, estoppel, unclean hands, laches and/or after-acquired evidence.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his purported damages, if any.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The conduct alleged in the Complaint, to the extent it occurred, was not performed by any officer, director, or managing agent of FedEx, was not ratified or approved by FedEx, was not performed by any individual regarding whom FedEx had advance knowledge of his or her alleged unfitness, and was not undertaken or performed by any officer, director, managing agent or employee of FedEx with malice, oppression or fraud.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint fails to allege facts or claims sufficient to sustain the imposition of punitive damages against FedEx pursuant to Civil Code section 3294.

5

1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

2      To the extent Plaintiff requests and seeks unspecified punitive damages, that request is

3 contrary to the due process clauses and other clauses of the United States and California

4 Constitutions.

5

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

6      There is a good faith dispute as to any wages Plaintiff now claims he was owed at

7 termination, FedEx did not withhold any such disputed wages willfully, and therefore waiting time

8 penalties cannot be imposed under Labor Code sections 201 et seq.

9      Based on the foregoing general denial and affirmative defenses, FedEx pray that:

10     1.    The Complaint be dismissed in its entirety and that Plaintiff take nothing by reason

11 of his Complaint;

12     2.    FedEx be awarded its costs of suit incurred in defending this lawsuit;

13     3.    FedEx be awarded attorney's fees to the extent provided by law;

14     4.    Judgment be entered in favor of FedEx; and

15     5.    FedEx be granted such other relief as the Court deems just and proper.

16

17 DATED: _____1/9_____, 2018        OGLETREE, DEAKINS, NASH, SMOAK &

18                     STEWART, P.C.

19

20             By: _____

21                   Hardy Ray Murphy
                    Martin E. Sullivan

22

23              Attorneys for Defendant
             FEDEX OFFICE AND PRINT SERVICES, INC.

24

25

26

27

28

6

32132475_2.docx

**EXHIBIT D, PAGE 37**

**PROOF OF ELECTRONIC SERVICE**
*Mark Butterfield v. FedEx Office and Print Services, Inc., et al.*
Case No. 30-2017-00955002-CU-WT-CJC

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Los Angeles in the office of a member of the bar of this court at whose direction the service was made. My business address is 400 S. Hope Street, Suite 1200, Los Angeles, California 90071.

On January 9, 2018, I served the following document:

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

to the interested parties/address stated as follows:

John C. O'Malley, Esq.                        Attorneys for Plaintiff
PACIFIC TRIAL ATTORNEYS                        Mark Butterfield
A Professional Corporation
4100 Newport Place Dr., Suite 800
Newport Beach, California 92660
Telephone:  (949) 706-6464
Facsimile:   (949) 706-6469
Email:       jomalley@pacifictrialattorneys.com

☒       **BY ONE LEGAL ELECTRONIC FILING SYSTEM:** By providing them to One Legal which transmitted via the Internet true copy of the above-entitled document to the One Legal system of the Superior Court of California, County of Orange, Central Justice Center and concurrently caused the above-entitled document to be sent to the recipient listed above pursuant to the E-Service List maintained by and as it exists on that database. This will constitute service of the above-listed document.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 9, 2018, at Los Angeles, California.


Elizabeth Mendoza
_____          _____
Type or Print Name                                          Signature

7

32132475_2.docx

PROOF OF SERVICE                              **EXHIBIT D, PAGE 38**

**Mendoza, Elizabeth C.**

| | |
|---|---|
| **From:** | noreply@onelegal.com |
| **Sent:** | Tuesday, January 09, 2018 5:05 PM |
| **To:** | Mendoza, Elizabeth C. |
| **Subject:** | eFiling & eService orders submitted for Butterfield vs. FedEx Office and Print Services, Inc. : order #11644811 |

Dear Elizabeth,

Your eFiling order # 11644811 has been submitted to the court. We will email the eService notifications to each of the eService recipients you selected.

**What happens next**

- The clerk will review your eFiling and you'll receive an update when their review is complete.
- Please be aware that you may receive this notification after 24 hours, or, in some cases, a week after your eFiling was received, depending on the court's capacity. This may occur after a court filing deadline, but does not mean there was an issue with your order.
- If the document requires eFiling with the court, parties will receive eService notifications after the eFiling is accepted. If eFiling is not required, we will send the eService notifications immediately.

**Summary of your eFiling order**

For your records, please see the details of your order below:

- Case title: Butterfield vs. FedEx Office and Print Services, Inc.
- Court transaction #: 2628626


- Order type: eFiling-eService
- Order #: 11644811
- Submitted: 1/9/2018 5:04 PM PT


- Jurisdiction: Superior Court of California, Orange County
- Location: Central Justice Center
- Case category: Civil - Unlimited
- Case type: Wrongful Termination
- Case #: 30-2017-00955002-CU-WT-CJC
- Lead document: Answer to Complaint

If you have questions, please check out our FAQs for answers, or email us at support@onelegal.com.

Thank you. We appreciate your business.

1

EXHIBIT D, PAGE 39

Sincerely,
One Legal

EXHIBIT D, PAGE 40

## Order Details

ORDER RECEIPT (/OrderReceipt/Index/21314909)

**Order Number:** 11644811

**Order Status:** Submitted to Court

**Order Type:** eFiling & eService

**Information**   eService

### Details

**Court Transaction Number:** 2628626

**Case Title:** Butterfield vs. FedEx Office and Print Services, Inc.

**Case Number:** 30-2017-00955002-CU-WT-CJC

**Submitted:** 1/9/2018 5:04 PM PT

**Court Name:** Orange County, Superior Court of California

**Court Branch:** Central Justice Center Santa Ana

**Contact:** Mendoza, Elizabeth

**Attorney:** Martin Sullivan

**Email Notices:** Contact

**Client Billing Code:** 532061-000259

### Filing Details

**Message to the eFiling Clerk:**

**Status:** Received

**Status Date:** 1/9/2018 5:04 PM PT

**Message from eFiling Clerk:** This Electronic Filing has been received by the Court and has passed technical validations.

### Court-Returned Documents

ℹ There are no Court-Returned Documents.

### Documents

**EXHIBIT D, PAGE 41**

| Document | Document Type | Document Title | Pages | Status |
|---|---|---|---|---|
| View Now (/Document/I | Answer to Complaint | Defendant's Answer to Plaintiff's Complaint | 7 | Uploaded |

| | 1 | | | 1 - 1 of 1 items |

One Legal © 2018

Version: 7.0.211.162

EXHIBIT D, PAGE 42

## Order Details

| ORDER RECEIPT (/OrderReceipt/Index/21314909) |
|---|

Order Number: **11644811**

Order Status: **Submitted to Court**

Order Type: **eFiling & eService**

| Information | **eService** |
|---|---|

**Electronic Service Recipients**

| Name | Email | Status | | |
|---|---|---|---|---|
| John C. O'Malley | jomalley@pacifictrialattorneys.com | **Notification Sent** | | 1/9/2018 5:04:58 PM |
| | | **Viewed** | | 1/9/2018 5:33:04 PM |
| Kirshner, Katherine | kkirshner@pacifictrialattorneys.com | *Retrieved* | | *1/9/2018 5:32:37 PM* |
| | | *Notification Sent* | | *1/9/2018 5:04:58 PM* |

| 1 | | 1 - 2 of 2 items |
|---|---|---|

**ECopy Electronic Service Recipients**

| Name | Email | eCopy Recipient For | Status |
|---|---|---|---|
| | | Sullivan, Martin | **Notification Sent** 1/9/2018 5:04:58 PM |
| | | Sullivan, Martin | **Notification Sent** 1/9/2018 5:04:58 PM |
| Hardy Murphy | hardy.murphy@ogletree.com | Sullivan, Martin | **Notification Sent** 1/9/2018 5:04:58 PM |
| sally navarette | sally.navarette@ogletree.com | Sullivan, Martin | **Notification Sent** 1/9/2018 5:04:58 PM |

| 1 | | 1 - 4 of 4 items |
|---|---|---|

EXHIBIT D, PAGE 43